## Commonwealth v. Dorr

*John W. Mentzer*, district attorney, for Commonwealth.

*J. Earle Ogle, Jr.*, for defendant.

SHEELY, P. J., October 5, 1936. — The court allowed an appeal in this case upon the admission of the motor patrolman who was the prosecutor in the case that the justice of the peace had stated his definite conviction of the defendant's guilt prior to the hearing.

The offense charged was a violation of section 1008(*b*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by section 2 of the Act of June 22, 1931, P. L. 751, in that the defendant had overtaken and passed another motor vehicle proceeding in the same direction on a curve in the highway where the driver's view along the highway was obstructed within a distance of 300 feet ahead.

The officer testified that the defendant had overtaken and passed a slow-moving truck on the Lincoln Highway while the truck was negotiating a curve to the right, at a point where the defendant could not see the highway ahead for a greater distance than 150 feet. The defendant and his witnesses testified that the distance was greater, but we adopt the officer's theory for the reason that the defendant's witnesses were occupants of his car and were

concerned only with the question whether the defendant could overtake the truck in safety, and were not concerned with exact distances. The officer, on the contrary, was stationed along the highway at that point for the purpose of observing traffic and was very definite in his testimony. Furthermore, the draft of the highway introduced by the defendant clearly shows that if the defendant started to overtake the truck before the truck had completed the curve he could not have had a greater view ahead than 200 feet.

It is agreed by all parties that by looking to the right of the truck which was preceding him the defendant could see the highway ahead of the truck across the arch of the curve for a distance of probably 500 feet or more. The defendant contends that this view was sufficient to justify his overtaking the truck at that point, and that therefore he was not guilty of a violation of The Vehicle Code, supra.

With this contention we cannot agree. The act provides that a driver "shall not overtake and pass another vehicle proceeding in the same direction . . . upon a curve in the highway, where the driver's view along the highway is obstructed within a distance of three hundred (300) feet".

In the instant case the driver's view of the highway was obstructed within a distance of 300 feet by a truck proceeding in front of him. While he could see the highway ahead at a distance of 500 feet from his position, his view "along the highway" was obstructed. If he could not see the entire highway directly in front of him for more than 300 feet, his view was obstructed within that distance.

This view is strengthened by the language of subsection (a), which provides that a driver shall not drive to the left side of the center line of the highway in overtaking another vehicle "unless such left side is clearly visible, and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made

in safety." The two sections taken together clearly contemplate that the driver about to overtake another vehicle shall be able to see the entire highway in front of him for a distance of at least 300 feet, and that the highway be free of oncoming traffic, before attempting to pass. A view of the curve to the right of the preceding vehicle is not an unobstructed view within the meaning of the act.

While we can sympathize with a driver following a slow-moving vehicle, and while the defendant may have been sure that he could overtake the truck in safety, his act in doing so at this point and under the circumstances here disclosed was a technical violation of the statute.

And now, October 5, 1936, the appeal of H. F. Dorr from the judgment of Harry Lear, justice of the peace, is dismissed and the judgment of said justice of the peace sustained. The costs of this proceeding to be paid by the defendant.                     From John P. Sipes, McConnellsburg.